BROWN-KETCHAM IRON WORKS v. L. P. HAZEN ET AL., ETC.

ACCEPTANCE OF LESS THAN FULL SATISFACTION.

The rule, that the payment of a less sum in satisfaction of a larger sum, is not binding for want of consideration only applies when the larger sum is liquidated and there is no consideration whatever for the surrender of part of it. Hence, where the larger sum is not liquidated but is the aggregate amount due upon a mutual accounting, a draft for a less amount is a full satisfaction if accepted as such.

**Cobb, Howard & Bailey,** for plaintiff in error.

The acceptance by a creditor of a less sum than his demand on an unliquidated claim when tendered with that condition operates as full satisfaction even though the acceptance be under protest. Donohue v. Woodbury, 60 Mass. (6 Cush.) 148.

Where a person makes an offer of a certain sum to settle a claim, where the sum in controversy is open and unliquidated and attaches to his offer the condition that the same, if taken at all, must be received in full or in satisfaction of the claim in dispute and the other party received the money, he takes it subject to the condition attached and it will operate as an accord and satisfaction even though the party at the time of receiving the money declare that he will not receive it in that manner but only as a part satisfaction of his debt so far as it will extend. McDaniels v. Lapham, 21 Vt. 222.

The assent of the plaintiff to the settlement is shown by the retention of the draft sent by defendant to plaintiff for the acceptance of the money involves the acceptance of the condition. Fuller v. Kemp, 33 N. E. Rep. 1034 [138 N. Y. 231; 20 L. R. A. 785] ; 1 Cyc. Law & Proced. 334; Allen v. Navigation Co. 6 Cal. 400, 402; 19 Am. & Eng. Enc. Law (2 ed.) 392.

The word "liquidated" means that the amount due has been ascertained and agreed upon by the parties or is fixed by operation of law. 1 Cyc. Law & Proced. 334.

An account cannot be considered as liquidated so as to prevent the receipt of a less sum as payment from operating as a satisfaction where there is a controversy over a set-off and the amount of the balance. Ostrander v. Scott, 43 N. E. Rep. 1089 [161 Ill. 339] ; Chicago, M. & St. P. Ry. Co. v. Clark, 178 U.'S. 353 [20 Sup. Ct. Rep. 924].

Where an aggregate amount is in dispute, payment of a specified sum conceded to be due, that is, by including certain items but excluding disputed items, on condition that the sum so paid shall be received in full satisfaction, will be sustained as an extinguishment of the whole. Chicago, M. & St. P. Ry. Co. v. Clark, 178 U. S. 353, 367 [20 Sup. Ct. Rep. 924].

Willis v. Bateham, 1 O. S. C. D. 570 [37 Bull. 150], does not apply. The counterclaim in that case was wholly unfounded.

Moreover in such a case we were entitled to show the existence of a *bona fide* dispute even if we could not have set it up in that action. McDaniels v. Lapham, 21 Vt. 222, 236.

O'Hara & Jordan, contra.

**PER CURIAM.**

The facts which bear upon the question of accord and satisfaction are practically without dispute, and the question as to whether there was an accord and satisfaction, or not, is the cardinal question submitted on error.

The Brown-Ketcham Iron Works made a contract with L. P. Hazen

et al. whereby the latter were to do certain work for the contract price of $1,800. When it was done, over and beyond the contract, Hazen claimed $166.37 for extras, and Brown-Ketcham claimed $168.35 for the use of certain tools, etc. Both items were respectively disputed. The following letter was written:

"INDIANAPOLIS, IND., May 12, 1900.

"L. P. HAZEN & Co., Cincinnati, O.

"GENTLEMEN: Herein please find draft on Fourth National Bank, Cincinnati, Ohio, No. 69252, in amount $469.90 in full payment of all demands for labor and material in any way connected with the contract and extras on building being erected by the Globe-Wernicke Company at Norwood, O., Harry Hake, architect. This draft is in full settlement.

"The accompanying papers, made out by our Mr. F. J. Vinson, fully explain themselves.

"Yours very truly,
"BROWN-KETCHAM IRON WORKS.
"J. L. KETCHAM, Secretary and Treasurer."

The draft for $469.90 brought the amount paid up to within $1.98 of $1,800.

Counsel for Hazen contends that as the amount paid was less than the liquidated item of $1,800, the rule laid down in Cumber v. Wane, 1 Strange 426, that when a liquidated sum is due, the payment of a less sum in satisfaction thereof, though accepted as satisfaction, is not binding as such, for want of consideration, applies, and hence the retention and use of the $469.90 draft did not constitute an accord and satisfaction. Counsel for Brown-Ketcham contend that it did.

As to this rule, Chief Justice Fuller said, in Chicago, M. & St. P. Ry. Co. v. Clark, 178 U. S. 353, 365 [20 Sup. Ct. Rep. 924]:

"The result of the modern cases is that the rule only applies when the larger sum is liquidated, and when there is no consideration whatever for the surrender of part of it; and while the general rule must be regarded as well settled, it is considered so far with disfavor as to be confined strictly to cases within it."

Also on page 367:

"And the cases are many in which it has been held that where an aggregate amount is in dispute, the payment of a specified sum conceded to be due, that is, by including certain items but excluding disputed items, on condition that the sum so paid shall be received in full satisfaction, will be sustained as an extinguishment of the whole."

In the case at bar, while the $1,800 item was not in dispute, the "aggregate" mutual accounting was. Brown-Ketcham's extreme claim

was that they could only be charged in the sum of $1,800 less $168.35, that is, $1,631.65; while Hazen's extreme claim was that they were entitled to $1,966.37. The sum actually paid was $1,798.02. That there was a latitude of dispute, even after this last payment, is shown by the charge of the court below, where it says:

"I do not know, gentlemen, whether, or not, if all deductions are made, which side a balance would be in favor of. That, of course, is for you. Therefore I have caused to be prepared three forms of verdict."

But it is contended, conceding the law obtaining generally in the United States to be as laid down in the Chicago, M. & St. P. Ry. v. Clark, *supra,* that the law of Ohio is different, and adheres more strictly to the rule of Cumber v. Wane, and reliance is had upon Willis v. Bateman, 1 O. S. C. D. 570 (37 Bull. 150), a case by our Supreme Court not officially reported.

This latter case, on its facts, is clearly within the rule of Cumber v. Wane, and there is nothing in it to indicate a different policy in Ohio from that followed by the federal and other state courts of limitation upon that rule to cases strictly within it.

We are, therefore, of opinion that the acceptance, retention and use of the draft by Hazen, under the terms of Brown-Ketcham's letter, constituted an accord and satisfaction, and the court below erred in letting the case go to verdict.

Judgment reversed.